IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS OUSTERHOUT, M.D., D.D.S. | ) No. 11 cv 9136 ) ) |
|     Plaintiff | ) Judge Lee ) |
|   vs. | ) ) ) Magistrate Judge Arlander Keys |
| MARK ZUKOWSKI, M.D., | ) ) |
|     Counter-Plaintiff | ) ) |
|   vs. | ) ) |
| DOUGLAS OUSTERHOUT, M.D., D.D.S., MIRA COLUCCIO, and SOUTHERN COMFORT CONFERENCE, INC. | ) ) ) ) |
|     Counter-Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff and Counter-Defendants', Douglas Ousterhout's, M.D., D.D.S. ("Dr. Ousterhout") and Mira Coluccio's ("Ms. Coluccio"), motion for a Health Insurance Portability and Accountability Act ("HIPAA") qualified protective order [#113] and motion to compel [#117]. Defendant, Mark Zukowski, M.D. ("Dr. Zukowski"), opposes the entry of any such orders. For the reasons set forth below, the motion for a HIPAA qualified protective order [#113] is granted with an additional qualification, and the motion to compel [#117] is granted in part, and denied in part.

1

**Background**

Dr. Ousterhout filed a Complaint in this action on December 23, 2011, asserting claims for defamation, *per se* and *per quod*, and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq. (Dkt. No. 1.) On March 31, 2013, Dr. Zukowski filed his Third Amended Counterclaim & Third Party Complaint ("Counterclaim") against Counter-Defendants, Dr. Ousterhout, Ms. Coluccio, an employee of Dr. Ousterhout, and Southern Comfort Conference, Inc. ("Southern Comfort"), asserting claims against Dr. Ousterhout and Ms. Coluccio for defamation, *per se* and *per quod*, and for violations of the Illinois Deceptive Uniform Trade Practices Act. (Dkt. No 7.) Additionally, it alleges violation of the Sherman Antitrust Act (15 U.S.C. § 1 et seq.) and conspiracy to defame against all Counter-Defendants (Dkt. No. 84.)

Specifically, Dr. Zukowski alleged that Dr. Ousterhout and others acting at his direction –including Ms. Coluccio –"put[ ] down Zukowski's techniques" at "various lectures on facial feminization in the Chicagoland area and throughout the USA," including at the "First Event" conference "in Boston, Massachusetts in January 2011." (*Id*. at ¶¶25, 26, 27, 29-31.)

Dr. Zukowski is a licensed physician residing in Illinois. (Dkt. No 84, at ¶¶2, 16, 20.) Dr. Zukowski specializes in

plastic, maxillofacial, and craniofacial surgery, and devotes about 65 percent of his practice to performing such surgery on transgendered individuals seeking facial feminization using endoscopic surgical techniques. (*Id.* at ¶17.) Dr. Zukowski began working in this field, in competition with Dr. Ousterhout, in the late 1990s. (*Id.* at ¶23.)

Dr. Ousterhout is a licensed physician and resident of the State of California, who practices in competition with Dr. Zukowski, serving the community of transgendered individuals, among others. (Dkt. No. 84, at ¶¶3, 23.) Ms. Coluccio is a resident of San Francisco, California, and the business manager and employee of Dr. Ousterhout. (*Id.* at ¶4.) Counterclaim Defendant Southern Comfort Conference ("SCC") is a Georgia not-for-profit corporation. (*Id.* at 5.) Southern Comfort organizes an annual conference that it describes as "the 'largest transgender social, educational, and entertainment conference in the world." (*Id.* at ¶56.)

Drs. Ousterhout and Zukowski both claim that the other made disparaging remarks against their ability as surgeons to correctly perform facial feminization procedures. Both allege that many of the defamatory remarks were made in front of current and perspective patients at various large speaking engagements, the majority of which were held and sponsored by Southern

3

Comfort. Additionally, Dr. Zukowski alleges that Ms. Coluccio made a practice of defaming him to patients in Dr. Ousterhout's office.

**Motion for HIPAA Qualified Protective Order**

Dr. Ousterhout and Ms. Coluccio seek the entry of a HIPAA qualified protective order, arguing that the scope of discovery will encompass the production of documents or oral testimony which may contain certain information protected from disclosure by HIPAA, and that the order is necessary to protect such Protected Health Information ("PHI") as defined in 45 CFR 160.163. Defendant opposes the motion for three main reasons: (1) the production of records would be unfair to patients and harm the parties' business; (2) the potential harm outweighs the probative value; and (3) several other general objections, including that such a defamation focused case does not require medical records. The Court finds that, although the case is about defamation at its core, the allegations are about surgical procedures which will require the discovery of medical records and information of various patients, which, in turn, require them to be made available, yet, protected by HIPAA.

The Court finds Dr. Zukowski's arguments against the entry of a HIPAA qualified protective order unavailing. The claims in this case, on both sides, involve facts relating to Drs.

4

Ousterhout and Zukowski's skills and abilities, whether their surgeries were "botched", needed correction, benefitted the patient, and other facts. Dr. Ousterhout and Ms. Coluccio served discovery upon Dr. Zukowski, seeking the identities of certain patients and medical records and documents relating to Dr. Zukowski's surgeries, and Dr. Zukowski objected to the discovery requests on the ground, among others, that the information could not be provided due to HIPAA. Counter-Defendants proposed a HIPAA Qualified Protective Order, and despite his objections to providing discovery responses based on HIPAA, Dr. Zukowski objected to the proposed HIPAA Qualified Protective Order.

Dr. Zukowski's first argument in opposition focuses on the patients and their possible discontent with their medical information being disseminated. He argues that the "highly personal and sensitive nature of the procedures performed…is an invasion of their privacy." (Def.'s Resp. at 7.) However, the protection of patient information is a main purpose of HIPAA, thus, Dr. Zukowski's privacy concerns and their effect on business are ameliorated in the HIPAA order in a manner authorized by the HIPAA Rules. Next, he argues that entry of the protective order is not appropriate, as the probative value thereof is outweighed by the potential for harm to the patients. The Court, however, finds that entry of the protective order

5

sufficiently protects the potential for harm, and that the probative value necessitates production.

Lastly, Dr. Zukowski argues that relevance, burden, and the Illinois Medical Records Act preclude entry of the HIPPAA order. The Court finds that entry of the proposed HIPAA order serves to move the litigation in this case forward by resolving the concerns of the PHI. Dr. Zukowski's objections of relevance and burden, at this point in discovery, will not preclude entry. However, Dr. Zukowski's underscoring of the Illinois Medical Records Act is valid, and while no such privilege exists in the federal system, the Illinois privilege applies in federal suits which are based on state law claims and where state law provides for the rule of decision. *See* Fed. R. Evid. 501. The Act prohibits physicians from disclosing any patient's information, even in response to subpoena. *See* 735 ILCS 5/8-802. However, the Act only protects records relating to information used in the treatment of the patient by the physician. Regardless, "'[t]he case law is perfectly clear that medical records of nonparties are privileged' under the physician-patient privilege." *People, Dept. of Professional Regulation v. Manos*, 326 Ill.App.3d 698, 708 (1st Dist. 2001) (citing *In re D.H.*, 319 Ill.App.3d 771,776 (1st Dist. 2001). Therefore, in order to comply with both HIPAA regulations and the Illinois law, advance notice to each patient

6

is required, as well as a meaningful opportunity for the patient to object to the disclosure.

Because utilization of patient information is necessary for both parties, the Court finds that the parties must allow for the addition of notice to be added to the protective order. Indeed, during the October 2, 2013 motion call, counsel for Counter-Defendants acknowledged his willingness to add notice to the protective order, given it was required by HIPAA. The Court assumes this should not be problematic, as although not required by HIPPAA, it is required by the governing Illinois law. Accordingly, with the addition of a clause providing notice to patients along with a meaningful opportunity for the patient to object to release, Counter-Defendants' motion for entry of a HIPAA protective order is granted.

## II. **Motion to Compel**

The district court exercises significant discretion in ruling on a motion to compel. The court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case. Fed. R. Civ. P. 37(a)(4)(B), (c). Thus, a district court is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should

7

independently determine the proper course of discovery based upon the arguments of the parties. *See*, *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). Courts have discretion to limit the extent of discovery after considering "[if] the burden or expense of the proposed discovery outweighs its likely benefit...the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c)(iii).

Where the party from whom the documents are requested objects to the request, the party seeking the request may move for an order to compel production. *Gile v. United Airlines, Inc.*, 95 F.3d 496. The Seventh Circuit, however, has often warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971-972 (7th Cir. 1996). *Accord Brenneman v. Knight*, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir. 2008) ("But requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden.")

Counter-Defendants have propounded a series of interrogatories and requests for production of information to aid in discovery. Dr. Zukowski responded to some requests, and objected to others. Counter-Defendants found several

deficiencies in his responses, and claim his objections are without merit. They now request the Court to order Dr. Zukowski's full response to all interrogatories and document requests served upon him. The Court will discuss each request in turn.

### I. *Interrogatory Nos. 1, 2, 5, and 6*

Interrogatory No. 1 seeks identification (name, address, and similar contact information) of the patients of Dr. Ousterhout that Dr. Zukowski has seen as alleged and referred to in paragraph 25 of Dr. Zukowski's original Counterclaim, as well as in paragraph 26 of Dr. Zukowski's Third Amended Counterclaim. Dr. Zukowski objected based on HIPAA, the Illinois Medical Records Privilege, and the length of time covered by the request (more than a decade). Counter-Defendants first argue that, during the 37.2 conference, Dr. Zukowski agreed to answer this interrogatory in full within 30 days, yet he has not supplied any supplemental information, and that he should be ordered to abide by his agreement. The Court finds that Dr. Zukowski's objections based on HIPAA and the Illinois Act are without merit, as discussed above, they are obviated by the qualified protective order as well as the notice given to patients. His last argument, regarding the unreasonableness of time, is unavailing, as both parties' allegations include events over a significant

9

time frame. Accordingly, the Court orders Dr. Zukowski to comply with Interrogatory No. 1.

Interrogatory No. 2 requests that Dr. Zukowski identify all communications that support the alleged quotes by Dr. Ousterhout and Ms. Coluccio to patients that are contained in paragraph 28 of Dr. Zukowski's original Counterclaim, and which also appear in Dr. Zukowski's current Third Amended Counterclaim as paragraph 29. Counter-Defendants argue that, while he produced certain emails and clarified that his answer misstated who communicated by email and who did not, Dr. Zukowski refused to identify which documents corresponded to which communication, and failed to identify and describe the communications that were not made in writing. Dr. Zukowski argues that he fully responded, and that he gave as full and complete an answer as he could at the time and as he understood the question. The Court finds that Dr. Zukowski sufficiently cleared up the misstatement about receiving an e-mail versus being forwarded a copy of an e-mail, and that his initial response to the interrogatory was sufficient. Presumably Dr. Zukowski is aware of his obligation to supplement his answer if it is no longer complete. Accordingly, the Court denies Counter-Defendants' motion to compel Interrogatory No. 2.

Interrogatory No. 5 seeks the identification of malpractice claims against Dr. Zukowski. Counter-Defendants argue that Dr.

Zukowski's answer improperly limited his response to claims relating solely to facial feminization surgery based on the assertion that this case is limited to those surgeries only. Dr. Zukowski contends that his response was appropriate, as the Complaint sets forth claims of defamation between the parties in the performance of facial feminization procedures and nothing more. The Court agrees; discovery, while broad, is limited to the issues framed by the Complaint. Accordingly, the Court denies Counter-Defendants' motion to compel Interrogatory No. 5.

Interrogatory No. 6 seeks identification of all conferences Dr. Zukowski spoke at since January 1, 2005. Counter-Defendants argue that Dr. Zukowski's response only includes conferences at which he "lectured", and that they are aware that, even when not on the official program, he "gives lectures and hosts a reception on his own." Reply. at p.5. Counter-Defendants argue that the other speaking events may reveal additional witnesses and instances of defamation. Dr. Zukowski contends that the interrogatory is unreasonable. The Court disagrees and finds the parties' request to compel Dr. Zukowski to identify not only presentations that he was officially listed on the program for, but also other speeches, lectures, seminars, and similar presentations to a group of people, reasonable and helpful for discovery purposes. Accordingly, the Court orders Dr. Zukowski to comply with Interrogatory No. 6.

*II. Document Request Nos. 1-6, 11, 12, 19, 37, and 39*

Document Request Nos. 1-6 seek documents containing information regarding Dr. Ousterhout and/or Ms. Coluccio, as well as the pleadings involved in the case. Dr. Zukowski argues that the requests are too vague and overbroad, no time frame is associated, and it is impossible for one to know if they have fully answered. The Court agrees that requests 1-6 need to be better honed, including a specific time frame and more specified requests for substantive information. Until such time as Document Request Nos. 1-6 are clarified, the Court has no way of determining whether they are objectionable. Therefore, the motion to compel as to Document Request Nos. 1-6 is denied without prejudice.

Document Request No. 11 requests documents relating to malpractice cases filed against Dr. Zukowski. As set forth above, with regard to Interrogatory No. 5, the Court finds that the Complaint claims defamation between the parties in the performance of facial feminization procedures and nothing more. Dr. Zukowski has responded that he has no malpractice claims involving facial feminization surgery, and, therefore, has no records of malpractice claims to submit. Accordingly, the Court denies Counter-Defendants' motion to compel production of Document Request No. 11.

12

Document Request No. 12 seeks financial information about Dr. Zukowski and his practice. Prior to entry of the Confidentiality Order, Dr. Zukowski refused to provide such information due to its confidential nature. However, now that the Confidentiality Order is entered, the Court orders his production. Counter-Defendants highlight Dr. Zukowski's mentioning of November 27, 2013, as an anticipated date of production. Said information is to be produced by that date.

Document Request No. 19 requests that Dr. Zukowski produce documents relating to his reputation in various relevant communities. Dr. Zukowski contends that, to date, no further records, other than those already produced, have been located. He maintains that he will continue his efforts to locate and produce more records "as soon as possible." Resp. at p. 6. Accordingly, the Court orders Dr. Zukowski to quickly and fully produce all records related to Document Request No. 19, and to supplement said information as needed.

Document Request No. 37 requests that Dr. Zukowski provide a copy of the relevant insurance policy that may cover the claims against him. In Dr. Zukowski's response, he suggested that the policy would be produced "before this honorable Court has seen Defendants' reply hereto." Resp. at p. 6. Accordingly, the Court orders production of Document Request No. 37.

Document Request No. 38 sought certain communications between Dr. Zukowski and his insurer regarding this case. However, Dr. Zukowski objected on the insurer/insured extension of the attorney-client privilege, as set forth in cases such as *People v. Ryan*, 30 Ill. 2d 456 (1964). Counter-Defendants obliged, yet reserved the right to challenge its applicability once review of the relevant policy, and any representations made by the insurer regarding their duty to defend or a reservation of their rights, can be made. Accordingly, the Court denies, without prejudice, Counter-Defendants' motion to compel production of Document Request No. 38.

Document Request No. 39 requests communications with various people or entities regarding specific subjects, including, but not limited to, "First Event," "Southern Comfort," "Be All," etc.. Dr. Zukowski objected on several grounds, including it being vague, overbroad, and the request being a "catch-all." Counter-Defendants have, in their Reply, attempted to streamline the scope of their request. They are willing to limit the scope of time from this Request to 2001 to the present (which begins 10 years before the filing of the Complaint). The Court finds that, given the lengthy time period covered by all parties' allegations, such a scope is not improper. Additionally, Counter-Defendants are willing to discuss creating a protocol for

...

the gathering, searching, and review of electronic records, which the Court agrees would be helpful in aiding all parties' discovery efforts.

The Court finds Dr. Zukowski's objections based on HIPAA and the Illinois Medical Records Act unavailing, as the HIPAA qualified Protective Order discussed above resolves those concerns. Moreover, the Act only protects records relating to information used in the treatment of the patient by the physician. 735 ILCS 5/8-802. Communications that Dr. Zukowski had with patients regarding Dr. Ousterhout, Ms. Coluccio, and/or the pleadings in this case are not related to those issues and will be produced. Accordingly, the Court orders the full production of Document Request No. 39, after a streamlining of the scope of the request is made, as well as a reasonable protocol for the gathering, searching, and review of electronic records, has been created.

The Court orders immediate production of all documents and information as outlined above. To the extent that other documents exist that Dr. Zukowski believes are protected, the Court orders Dr. Zukowski to provide an appropriate privilege log, complying with applicable law and identifying all items withheld on the grounds of privilege, so that the claims may be evaluated. Despite Counter-Defendants' emphasis, the Court does

not find an award of fees appropriate. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

## CONCLUSION

For the aforementioned reasons set forth, Counter-Defendants' motion for entry of a HIPPAA qualified protective order [#113] is granted, with the addition of a clause that provides all patients notice and an opportunity to object to the release of their medical information. The motion to compel [#117] is granted in part, and denied in part, as discussed above. The parties should be prepared to inform the Court as to the agreed final wording of the HIPAA qualified protective order, as well as Document Requests Nos. 1-6 and Document Request No. 39, at the November 25, 2013 status hearing.

DATE: November 21, 2013                ENTER:

                                       _____
                                       ARLANDER KEYS
                                       United States Magistrate Judge