```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

DOUGLAS OUSTERHOUT, M.D.,      ) No. 11 cv 9136
D.D.S.                         )
                               )
        Plaintiff              ) Judge Lee
                               )
    vs.                        )
                               )
                               ) Magistrate Judge Arlander Keys
 MARK ZUKOWSKI, M.D.,          )
                               )
        Counter-Plaintiff      )
                               )
    vs.                        )
                               )
DOUGLAS OUSTERHOUT, M.D.,      )
D.D.S., MIRA COLUCCIO, and     )
SOUTHERN COMFORT CONFERENCE,   )
INC.                           )
                               )
        Counter-Defendants.    )
```

**MEMORANDUM OPINION AND ORDER**

Currently pending before the Court is Plaintiff and Counter-Defendants', Douglas Ousterhout, M.D., D.D.S. and Mira Coluccio (collectively the "Ousterhout Parties"), motion to compel [#142] and motion to clarify [#144], as well as Defendant and Counter-Plaintiff's, Mark Zukowski, M.D., motion to compel [#137] and motion to clarify [#145]. For the reasons set forth below, the Ousterhout Parties' motion to compel is granted in part, and denied in part, and the motion to clarify is granted. Dr. Zukowski's motion to compel and motion to clarify is denied.

1

As the facts of this case are fully set forth in the Court's November 21, 2013 Memorandum Opinion and Order [#134], the Court will not repeat them here and will commence with its findings. With the exception of denying the production of Dr. Zukowski's doctor's note, the Ousterhout Parties' motion to compel is granted. Most of the Ousterhout Parties' requests address information that the Court previously ordered Dr. Zukowski to produce, and the rest of the Ousterhout Parties' requests have now been made sufficiently precise that Dr. Zukowski can now readily comply.

With regard to Interrogatory No. 1, the Ousterhout Parties sought identification (name, address, and similar contact information) of the patients referred to in Dr. Zukowski's original counterclaim, as well as in his third amended counterclaim. Dr. Zukowski objected for several reasons, including HIPAA and the Illinois Medical Records Act. The Court finds that Dr. Zukowski's objections based on HIPAA and the Illinois Act are without merit, as they will be obviated by the entry of a qualified HIPAA protective order. Moreover, The Court finds that Dr. Zukowski's reliance on *DeFilippis v. Gardner*, 368 Ill. App. 3d1092 (2d Dist. 2006), is misplaced as it is distinguishable from the instant case. Herein, due to the variety of procedures that Dr. Zukowski performs, the disclosure

of patient names does not automatically disclose the specific procedures.  Accordingly, the Court orders Dr. Zukowski to immediately comply with Interrogatory No. 1.

With regard to the financial information, the Court, while sympathetic to Dr. Zukowski's need for additional time due to his injury, orders the requested information to be promptly produced.  The Court finds no need for Dr. Zukowski's production of his doctor's note referenced at the November 25, 2013 hearing.  However, as March is upon us, Dr. Zukowski has had ample time to recover from his November injury and resulting procedure, and to have compiled that information.  Accordingly, the financial information is to be produced within 7 days of the date of this memorandum opinion and order.

With regard to the electronic documents, the Court previously observed that the Ousterhout Parties were willing to discuss creating a protocol for the gathering, searching, and review of electronic records, and that such a system would be useful to all parties' discovery efforts.  It was anticipated by the Court that the parties would come together on this issue to discuss and set up said protocol.  However, the Ousterhout Parties claim that Dr. Zukowski's counsel, Mr. Blumentahl, was unable to do so as a result of Dr. Zukowski's injury and absence, as he claimed to not personally know how to procure Dr. Zukowski's electronic records.  Now that Dr. Zukowski is

available, the Court orders both parties to immediately discuss this issue and implement a system to search and review complete electronic files. Accordingly, the Court orders both parties to meet-and-confer within 14 days of the date of this memorandum opinion and order, in an effort to discuss the electronic documentation scope and implement a process of review.

With regard to Document Requests Nos. 1 and 2, the Court agreed with Dr. Zukowski that the timeframe originally sought was too vague and the information requested overbroad. The Ousterhout Parties compromised and agreed to limit the Requests to documents relating only to Dr. Ousterhout or Ms. Coluccio, and from 2001 to the present. Although Dr. Zukowski maintains that such parameters are still too broad, the Court disagrees. Accordingly, Dr. Zukowski is ordered to produce all such responsive documents within 14 days of the date of this memorandum opinion and order.

Dr. Zukowski's motion to compel is denied, as well as the demand for fees and costs. The Court finds that the Ousterhout Parties have either since supplemented or sufficiently produced the information sought by Interrogatories Nos. 1,2,4,6,7,9-12,14, and 15, as well as Requests for Production Nos. 1-7,8,9,12-14,17,18,19,20,21,23-29,31, and 32. The Court finds any further requests, beyond what the Ousterhout Parties have

4

currently supplemented and provided, to be unwarranted. Especially the additional information requested through Interrogatory No. 1 of Dr. Ousterhout's driver's license number, social security information, etc., as well as Ms. Coluccio's personal salary information sought via Interrogatory No. 10. The Court finds such discovery irrelevant to the litigation and unnecessary.

Next, with regard to the parties' motion for clarification, the Ousterhout Parties implore the Court to reconsider its initial ruling regarding its motion to compel Interrogatory No. 5 and Request for Production No. 11. During the status hearing on November 25, 2013, the Ousterhout Parties explained to the Court that facial feminization surgery is a broad term that can encompass a lot of surgeries. The Court agrees with the Ousterhout Parties that its prior order limiting Dr. Zukowski's response to malpractice claims arising solely out of facial feminization procedures was too narrow.

Accordingly, the Court orders Dr. Zukowski to fully and completely respond to those requests, identifying *all* malpractice claims made against him in any forum, by any method, and at any time. Likewise, as it relates to Dr. Zukowski's identical Interrogatory No. 17, the Ousterhout Parties are directed to ensure that their answer is equally all-

encompassing. The Court finds, in this regard, that such information is relevant to the issues in this case, or that it is reasonably calculated to lead to admissible evidence.

Finally, with regard to both parties' request for clarification on the need for consent or not from the patients, the Court agrees with Dr. Zukowski that HIPPA regulations do not preempt the governing Illinois Medical Records Act mandating express consent for the disclosure of a patient's Personal Health Information ("PHI"). At the same time, the Court also agrees with the Ousterhout Parties that, for the time being, the entry of an agreed upon HIPPA qualified protective order is necessary and will only aid in the protected production of certain PHI, while simultaneously moving along this stagnant discovery. Undoubtedly, both parties may find that the HIPAA protective order does not address all of the possible objections to production based on other theories. However, it will at a minimum remove any HIPAA-related barriers, and that alone will allow for a more fruitful discovery effort on both sides.

Each of the parties has properly interposed objections to discovery requests on grounds that disclosure of the information sought might violate patient rights under HIPAA. The Ousterhout Parties have proffered a proposed standard HIPAA qualified protective order for entry by the Court that seemingly resolves

both parties' HIPAA-related objections to discovery.  Dr. Zukowski appears not to object to the substance of the proposed protective order, instead objecting to its entry on the basis that certain documents and information requested may still be protected from discovery pursuant to application of a physician-privilege under the Illinois Medical Records Act or a comparable statute under other states' laws.  Indeed, even with a HIPAA qualified protective order in place, the parties may have other objections to discovery requests that will need to be discussed and resolved by other means before documents are produced.  The entry of a HIPAA qualified protective order will not, for example, cure any objections that a party might interpose as to the relevance or breadth of particular requests, nor will it resolve questions of privilege, whether those involve attorney client privilege, physician-patient privilege, or any other privilege or immunity upon which a party might purport to rely.

Regardless, even upon entry of a HIPAA qualified protective order, the parties are not immediately divested of their rights or their other objections unrelated to HIPAA, nor are the parties required to immediately produce documents.  As the Court decided previously, to the extent that other documents exist that either party believes should be protected, the Court orders that party to provide an appropriate privilege log, complying

with applicable law and identifying all items in sufficient detail withheld on the grounds of privilege, so that the claims may be evaluated. *See* Fed. R. Civ. P. 26(b)(5). *See also Petrovic v. City of Chicago*, 2007 WL 2410336, at *2 (N.D. Ill., Aug. 21, 2007) (describing the information required under Rule 26(b)(5) to allow parties and courts to determine whether a claimed privilege applies to documents withheld from discovery); *Doe v. Oberweis Dairy*, 2004 WL 1146712, at *5 (N.D. Ill., May 21, 2004) (applying requirements of Rule 26(b)(5) to physician-patient privilege). In this regard, Dr. Zukowski's assertion that even listing information on a privilege log about certain documents being withheld and the *in camera* review by the Court of certain documents to determine whether there is a privilege proscribed by the Illinois Medical Records Act, is untenable.

Therefore, the Court grants the Ousterhout Parties' request to enter a standard HIPAA qualified protective in an effort to address the parties' HIPAA-based objections to discovery. Accordingly, the Court strikes the original order requiring "notice to patients along with a meaningful opportunity for the patient to object…," and will not require notice or consent, as that is not required under HIPAA. The parties are directed to agree upon the final form of the HIPAA qualified protective order, and to submit the finalized HIPAA qualified protective

order to the Court by the March 5, 2014 status date, so that discovery may proceed forthwith.

## CONCLUSION

For the reasons set forth above, the Ousterhout Parties' motion to compel [#142] and motion to clarify [#144] is granted, in part, and denied, in part, as outlined above. Dr. Zukowski's motion to compel [#137] and motion to clarify [#145] is denied. The Court orders immediate production of all documents and information as described above. The parties should be prepared to provide the Court with a copy of their agreed upon HIPAA qualified protective order at the March 5, 2014 status hearing.


DATE: February 28, 2014           ENTERED:

                                  _____
                                  ARLANDER KEYS
                                  United States Magistrate Judge