# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS OUSTERHOUT, M.D., D.D.S. ) ) Plaintiff, ) ) v. ) ) MARK ZUKOWSKI, M.D. ) ) Defendant. ) _____) ) MARK ZUKOWSKI, M.D., ) ) Counter-Plaintiff, ) ) v. ) ) DOUGLAS OUSTERHOUT, M.D., D.D.S., ) MIRA COLUCCIO, and SOUTHERN ) COMFORT CONFERENCE, INC., ) ) Counter-Defendants. ) _____) | No. 11-cv-9136<br><br>Judge John Z. Lee<br><br>Magistrate Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Plaintiff Douglas Ousterhout, M.D., D.D.S., a California resident, has sued Defendant Mark Zukowski, M.D., an Illinois resident, for defamation *per se* (Count I), defamation *per quod* (Count II), and violations of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.* (Count III). Defendant has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). For the reasons set forth herein, the Court grants in part and denies in part Defendant's motion.

## Factual Background[1]

Plaintiff, a citizen of California, is a plastic surgeon who specializes in performing maxillofacial and craniofacial surgery on transgender individuals. Compl. ¶¶ 2, 15. Defendant, a citizen of Illinois, works in the same field as Plaintiff and has competed with him for clients within the transgender community since the late 1990s. *Id.* ¶¶ 3, 22. Plaintiff alleges that Defendant has been making false attacks on Plaintiff's professional abilities and reputation for many years, and details several incidents from 2000 to 2005 in which Defendant publicly criticized Plaintiff's work as a plastic surgeon. *Id.* ¶¶ 23–29. For example, Defendant allegedly told lecture attendees that he "did not like Ousterhout's rhinoplasty work" and implied to many patients and practitioners that Plaintiff makes regular surgical mistakes that Defendant has had to correct. *Id.* ¶¶ 24–29. Plaintiff claims that these various attacks consisted of false or misleading statements of fact designed to harm Plaintiff's reputation and business. *Id.* ¶¶ 62–65.

Additionally, Plaintiff describes in detail one particular incident that occurred at a panel discussion event in Boston, Massachusetts in January 2011. *Id.* ¶¶ 30–31. The panel discussion was attended by medical practitioners and potential patients, and one of Plaintiff's colleagues participated as a speaker on the panel. *Id.* ¶ 31. In the middle of the discussion, Defendant entered the room, interrupted the panel, and began to give a slide-show presentation. *Id.* ¶ 31–32. Defendant claimed that his slides "showed horrendously performed surgeries that represented the 'atrocities of Dr. Ousterhout in San Francisco.'" *Id.* ¶ 33. When Plaintiff's colleague took offense at Defendant's assertions and stated that Defendant was "misrepresenting the facts," Defendant told the audience again that the slides were "a representation of [Ousterhout's] work." *Id.* ¶ 34.

---

[1] The following facts are taken from Plaintiff's complaint and are accepted as true on review of Defendant's motion for judgment on the pleadings. *See Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993).

Plaintiff alleges that the statements Defendant made at the panel discussion in Boston diminished his business reputation by imputing a want of ability and have had a negative impact on Plaintiff's medical practice and profits. *Id.* ¶¶ 36, 39. He also alleges that Defendant intended his statements to have these harmful effects and knew they were false, or at least was reckless or negligent as to their truth or falsity. *Id.* ¶¶ 37–38, 45.

Plaintiff has brought this suit alleging defamation *per se* and, in the alternative, defamation *per quod*, as well as violations of the Illinois Uniform Deceptive Trade Practices Act. Defendant now moves for judgment on the pleadings pursuant to Rule 12(c).

**Legal Standard**

A defendant may use a Rule 12(c) motion for judgment on the pleadings to raise various Rule 12(b) defenses as well as affirmative defenses on the merits. *See Alexander*, 994 F.2d at 336. When a Rule 12(c) motion is used to invoke a Rule 12(b)(6) defense, a court uses the same standard of review applicable to a 12(b)(6) motion. *Id.* That is, to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Also, in reviewing a defendant's Rule 12(b)(6) defense, a court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

When a Rule 12(c) motion is used to raise an affirmative defense to the underlying substantive merits of the case, "the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Alexander*, 994 F.2d at 336 (citing *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987)). In other

3

words, the court must take all well-pleaded allegations in the plaintiff's pleadings as true, draw all reasonable inferences in the plaintiff's favor, and grant judgment on the pleadings only if no genuine issues of material fact exist and the defendant is entitled to judgment as a matter of law. *Alexander*, 994 F.2d at 336. Bearing these standards in mind, the Court now turns to consider the various defenses Defendant has raised in his Rule 12(c) motion.

## Discussion

I.   **Counts I and II: Defamation**

In Count I, Plaintiff alleges that Defendant has made statements constituting defamation *per se*. In Count II, he alleges in the alternative that these statements constitute defamation *per quod*. In this motion for judgment on the pleadings with respect to Counts I and II, Defendant argues that Plaintiff has failed to sufficiently state a claim for relief, that the statute of limitations bars Plaintiff's claims, and that the allegedly defamatory statements are unactionable statements of mere opinion, rather than actionable statements of fact. The Court will address each of these arguments in turn.

As a preliminary matter, however, the Court must determine which state's defamation law applies to the analysis of Defendant's arguments. The Court must use Illinois choice-of-law doctrines to make this determination, because a federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. *See Auto-Owners Ins. Co v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Under Illinois law, a court must undertake a choice-of-law analysis whenever there is a conflict of laws and the choice of law makes a difference in the outcome of a case. *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898–99 (Ill. 2007). Furthermore, under Illinois's doctrine of *dépeçage*, a choice-of-law analysis must be performed for each individual claim and defense arising in a case. *Id.* at 901. As such, the Court will

undertake a choice-of-law analysis for each individual legal issue relevant to this motion for judgment on the pleadings.[2]

### A. Statement of a Plausible Claim for Relief

Defendant argues that Plaintiff has failed to plead his defamation claim with particularity under California law and has also failed to adequately state a claim for relief pursuant to Rule 12(b)(6). The first question arising from this argument is which pleading standard governs Plaintiff's claim for defamation in this Court. Because the parties are in federal court, federal procedural rules govern. *See Mayer v. Gary Partners & Co., Ltd.*, 29 F.3d 330, 334 (7th Cir. 1994) ("From beginning to end, diversity litigation is conducted under federal rules of procedure."). Consequently, any requirement under California law, or the law of any other state, that defamation claims be subject to a heightened pleading standard is irrelevant to this case. *See Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 925–26 (7th Cir. 2003) (finding that a heightened pleading standard for defamation under state law did not apply to defamation claims brought in federal court). Furthermore, under the Federal Rules of Civil Procedure, a claim for defamation is not subject to the heightened requirement of particularity in Fed. R. Civ. P. 9, and thus Plaintiff "is entitled to the usual rules for notice pleading established by Rule 8." *Id.* at 926. Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Having determined the governing pleading standard in this case, the Court must next decide whether Plaintiff's defamation claim in fact satisfies the requirements of Rule 8. This

---

[2] Because Plaintiff is a resident of California and Defendant is a resident of Illinois, the Court will consider California and Illinois law as the laws of the states with the most "significant relationship" to this case. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915–16 (7th Cir. 2006). Even though some of the allegedly defamatory statements giving rise to this action were made in Massachusetts, the Court will not consider the application of Massachusetts law, as it has already determined that Massachusetts has a "lack of interest in this matter" and no significant relationship to this case. *See Ousterhout v. Zukowski*, No. 11-CV-9136, slip op. at 4 (N.D. Ill. Sept. 13, 2012).

depends on which state's substantive defamation law applies, so the Court next turns to a choice-of-law analysis. "For tort actions, Illinois instructs the court to ascertain the forum with the 'most significant relationship' to the case." *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915–16 (7th Cir. 2006) (citing *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996)). Under this test, "[f]our factors are supposed to guide the court's decision: '(1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered.'" *Id.* at 916 (quoting *Esser*, 661 N.E.2d at 1141). In balancing these factors, a court should also consider the policies underlying the substantive laws in conflict. *See id.* at 916.

In the present case, Plaintiff felt his alleged injury in the state of California, but the injury-causing conduct occurred in Massachusetts, where neither party is domiciled. Precedent indicates that, when these factors point in different directions in a defamation case, the plaintiff's domicile becomes the prevailing factor. *See, e.g.*, *Kamelgard v. Macura*, 585 F.3d 334, 341–42 (7th Cir. 2009); *Velle Transcendental Research Ass'n, Inc. v. Esquire, Inc.*, 354 N.E.2d 622, 625 (Ill. App. Ct. 1976). The rationale behind this rule is that a defamation plaintiff's domicile is "where the principal injury from a defamation will occur because it is where the victim works and lives and where (in the usual case) most of the people . . . are found with whom he has personal or commercial transactions, which might be impaired by defamation." *Kamelgard*, 585 F.3d at 342. Thus, because Plaintiff is domiciled in California, California defamation law applies.

Under California law, "defamation" is defined as either libel or slander, and slander is defined as a false, defamatory, unprivileged oral communication that causes actual damage or

6

that is of a type tending to cause damage.³ *See Crowe v. County of San Diego*, 608 F.3d 406, 442 (9th Cir. 2010) (citing Cal. Civ. Code §§ 44, 46); *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007). Slander that "tends directly to injure [a person] in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits" is considered defamatory *per se*.⁴ *See Crowe*, 608 F.3d at 442 (citing Cal. Civ. Code § 46).

Plaintiff has sufficiently stated a claim for defamation *per se* under California law. Plaintiff alleges that, at a medical conference in January 2011, Defendant showed slides of "horrendously performed surgeries" and falsely claimed that they represented Plaintiff's work. 2d Am. Compl. ¶¶ 33–34. Because Plaintiff is a surgeon, these allegedly defamatory statements tend to injure Plaintiff with respect to his profession and lessen his business profits by suggesting that he is not capable of competently performing plastic surgery. As such, Plaintiff's allegations state a claim for slander that is defamatory *per se* under California law. Accordingly, Defendant's Rule 12(b)(6) defense does not provide a basis for a judgment on the pleadings in his favor.

### B. Statute of Limitations

Next, Defendant argues that Plaintiff's defamation claim is barred by the statute of limitations. As this defense is distinct from Defendant's Rule 12(b)(6) defense, the Court must

---

³ This formulation differs slightly from the definition of "defamation" under Illinois law. *See Kolegas v. Heftel Broadcasting Corp.*, 607 N.E.2d 201, 206 (Ill. 1992) ("A statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him.").

⁴ In this respect, California and Illinois defamation law agree. *See Kolegas*, 607 N.E.2d at 206 (listing "words that impute an ability to perform or want of integrity in the discharge of duties of office or employment" and "words that prejudice a party, or impute lack of ability, in his or her trade, profession or business" as two categories of statements considered defamatory *per se*).

engage in a separate choice-of-law analysis. *See Townsend*, 879 N.E.2d at 901. "In cases for which state law provides the rule of decision, federal courts apply state statutes of limitations." *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 335 (7th Cir. 2005) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980)). Thus, because this case is governed by state defamation law, a state statute of limitations applies. The Court need not choose between California's and Illinois's statutes of limitations, because they do not conflict—both provide for a limitations period of one year in actions for libel or slander. *See* Cal. Code Civ. Pro. § 340(c); 735 Ill. Comp. Stat. 5/13-201. *See also TIG Ins. Co. v. Reliable Research Co., Inc.*, 228 F. Supp. 2d 921, 926 (S.D. Ill. 2002) (declining to conduct a choice-of-law analysis absent a demonstrated conflict of laws).

Plaintiff filed his complaint on December 23, 2011. He bases his defamation claim solely on events that transpired in January 2011. *See* Compl. ¶¶ 30–34, 42–43, 50–51. Because this action is based on events that happened within one year of the time Plaintiff filed his complaint, the one-year statute of limitations does not bar him from relief. The fact that Plaintiff's complaint includes additional information contextualizing his and Defendant's relationship as far back as the late 1990s does not warrant dismissal of his claim, because Plaintiff grounds his claim exclusively on allegedly defamatory statements that Defendant made in January 2011. *Id.* As such, Defendant's statute-of-limitations defense is not a basis for a judgment on the pleadings.

C.  **Actionable Statements of Fact**

Defendant also moves for judgment on the pleadings on the grounds that his allegedly defamatory statements are unactionable as mere statements of opinion, rather than statements of fact. As this defense presents a new issue that the Court has not yet considered, the Court must

8

conduct one final choice-of-law analysis to determine whether Illinois' or California's version of the "mere opinion" defense applies. *See Vantassell-Matin v. Nelson*, 741 F. Supp. 698, 704 (N.D. Ill. 1990) (noting that the question of which state law governs a defamation claim and defenses to a defamation claim are separate issues requiring individual choice-of-law analyses).

Before this analysis, however, first comes the question of whether Illinois and California laws in fact conflict on this point. *See Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994). "Statements that cannot reasonably be interpreted as stating actual facts" receive protection under the First Amendment of the United States Constitution and are thus unactionable for defamation. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990). As such, under both Illinois and California law, an allegedly defamatory statement is actionable only if it is a statement of objectively verifiable fact. *See Lifton v. Bd. of Educ. of City of Chi.*, 416 F.3d 571, 579 (7th Cir. 2005) (citing *Wynne v. Loyola Univ.*, 741 N.E.2d 669, 676 (Ill. App. Ct. 2000)); *Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 544 F.3d 959, 966 (9th Cir. 2008) (citing *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1383 (Cal. Ct. App. 1999)).

To determine whether a statement is factual as a matter of law, Illinois courts consider a nonexclusive list of factors that include: "(1) whether the statement has a precise and readily understood meaning; (2) whether the statement is verifiable; and (3) whether the statement's literary or social context signals that it has factual content." *Madison v. Frazier*, 539 F.3d 646, 654 (7th Cir. 2008) (citing *J. Maki Constr. Co. v. Chi. Regional Council of Carpenters*, 882 N.E.2d 1173, 1183 (Ill. 2008)). Although California courts frame this analysis slightly differently, they too assess the meaning, nature, and context of the alleged defamation, considering "the totality of the circumstances with particular attention to the context of the

9

statement" in order to determine "the sense or meaning of the statement according to its natural and popular construction." *Manufactured Home Communities*, 544 F.3d at 967 (citing *Baker v. Los Angeles Herald*, 721 P.2d 87, 90–91 (Cal. 1986)). Because the Court does not find, and the parties do not raise, a conflict of Illinois and California law on the issue of the mere opinion defense, Illinois law applies. *See Jean*, 20 F.3d at 260 ("Where there is no disagreement among the contact states, the law of the forum state applies.").

According to Plaintiff's complaint, in January 2011, Defendant interrupted a panel discussion attended by medical practitioners and patients and gave a presentation with slides that Defendant claimed "showed horrendously performed surgeries that represented 'the atrocities of [Dr. Ousterhout] in San Francisco.'" Compl. ¶¶ 30–33. Furthermore, when Plaintiff's colleague, a member of the panel, objected that Defendant was misrepresenting the facts, Defendant repeated his assertion to the audience that the slides were "a representation of [Ousterhout's] work." *Id.* ¶ 34. These are the statements underlying Plaintiff's defamation claim. *Id.* ¶¶ 42–43, 50–51.

Defendant's statements were statements of fact, because they have a "precise and readily understood meaning" that is "verifiable." *See Madison*, 539 F.3d at 654. More specifically, when Defendant displayed images of surgeries and stated that they were representative of Plaintiff's work, a reasonable person would have readily understood the meaning of his assertions. And whether or not a given surgical operation can be accurately described as "representative" of Plaintiff's work is likely verifiable through a comparison of that operation to others that Plaintiff has performed. Furthermore, the context in which Defendant made these statements signaled to the audience that the statements were factual, given Defendant's professional qualifications to evaluate the quality of surgical procedures, the photographs he

used as evidence to support his assertions, and the professional setting in which his statements were made.

In sum, under the guidance of the factors set forth in *Madison*, Defendant's alleged statements were actionable statements of fact as a matter of law. *See Madison*, 539 F.3d at 654. Dismissal of Plaintiff's defamation claim is therefore unwarranted. *See Baier*, 2013 WL 2384269 at *8 (finding it "premature" to dismiss a defamation claim at the motion-to-dismiss stage when the social context and verifiability of at least one of the defendant's allegedly defamatory statements indicated that they were actionable statements of fact).

For the reasons stated herein, Plaintiff has adequately stated a claim for defamation showing that he is entitled to relief, and neither the statute of limitations nor Defendant's mere-opinion defense bar Plaintiff's claim. Accordingly, the Court denies Defendant's motion for judgment on the pleadings with respect to Counts I and II of the complaint.

## II. Count III: Violation of the Illinois Uniform Deceptive Trade Practices Act

Finally, Defendant moves for judgment on the pleadings with respect to Count III of Plaintiff's complaint, which alleges violations of the Illinois Uniform Deceptive Trade Practice Act (the "IUDTPA"), 815 Ill. Comp. Stat. 510/1 *et seq*. The IUDPTA provides a civil cause of action when a person "engages in a deceptive trade practice . . . in the course of his or her business, vocation, or occupation." 815 Ill. Comp. Stat. 510/2. Such deceptive trade practices include "disparag[ing] the goods, services, or business of another by false or misleading representation of fact" and "engag[ing] in any other conduct which similarly creates a likelihood of confusion or misunderstanding." *Id.*

Defendant contends that the UDTPA does not provide Plaintiff with a legal remedy in this case. The Court agrees. A plaintiff may pursue a claim under the UDTPA as long as the

challenged action occurred "primarily and substantially" in Illinois. *See LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, 809 F. Supp. 2d 857, 861 (N.D. Ill. 2011) (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 854 (Ill. 2005)). In considering whether an action occurred primarily and substantially in Illinois, a court may consider the plaintiff's residence, where the deception occurred, where the damage to the plaintiff occurred, and whether the plaintiff communicated with the defendant in Illinois. *See id.* In this case, Plaintiff's residence is in the state of California, as is the location of his alleged harm. Compl. ¶¶ 2, 48, 56. *See also Kamelgard*, 585 F.3d at 342 (noting that a defamation plaintiff's domicile is where the harm from defamation occurs). The complaint does not allege a single direct communication between Plaintiff and Defendant that took place in Illinois. Furthermore, of the many false assertions Plaintiff claims Defendant made about Plaintiff's business and professional abilities, only one of these is alleged to have been made in Chicago. *See id.* ¶ 25.

As they stand, the allegations in Plaintiff's complaint fail to show that the actions Plaintiff challenges under the IUDTPA occurred primarily and substantially in Illinois. As such, Plaintiff's IUDTPA claim fails. *Cf. LG Electronics*, 809 F. Supp. 2d at 862 (dismissing the plaintiff's IUDTPA claim when the complaint failed to present evidence demonstrating that the defendant's relevant activities occurred primarily and substantially in Illinois). The Court therefore dismisses Count III of Plaintiff's complaint without prejudice. Plaintiff may file an amended complaint to correct the deficiencies discussed herein within fourteen days of this order, either by alleging additional facts supporting his IUDTPA claim or by amending Count III to state a cause of action based on an equivalent statute from another state. If Plaintiff fails to so amend, the Court will dismiss the claim with prejudice.

## **Conclusion**

For the reasons set forth herein, the Court grants in part and denies in part Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) [157]. The Court dismisses Count III of Plaintiff's complaint without prejudice and with leave to amend to cure the deficiencies outlined herein within fourteen days of the entry of this Memorandum Opinion and Order. In all other respects, Defendant's motion for judgment on the pleadings is denied.

**SO ORDERED**  ENTER: 9/26/14

**JOHN Z. LEE**
**United States District Judge**