# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS OUSTERHOUT, M.D., D.D.S., ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> MARK ZUKOWSKI, M.D., ) </br> ) </br> Defendant/Counter-Plaintiff,) </br> ) </br> DOUGLAS OUSTERHOUT, M.D., D.D.S., ) </br> MIRA COLUCCIO, and SOUTHERN ) </br> COMFORT CONFERENCE, INC., ) </br> ) </br> Counter-Defendants. ) | No. 11-cv-9136 </br></br> Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiff Douglas Ousterhout and Defendant Mark Zukowski have filed cross-claims for defamation. Currently pending before the Court are two objections to certain discovery orders issued by Magistrate Judge Michael T. Mason's orders as well as a Report and Recommendation. For the reasons stated below, the Court overrules Ousterhout's objection [347] and Zukowski's objection [335] and adopts the orders and the Report and Recommendation [382] in their entirety.

## Factual and Procedural Background

Plaintiff Douglas Ousterhout and Defendant Mark Zukowski are both doctors competing in the field of facial feminization surgeries. *See* 1st Am. Compl. ¶¶ 15, 22, ECF No. 232. Ousterhout filed a claim for defamation, alleging that Zukowski has mounted a smear campaign challenging Ousterhout's competency in performing these surgeries. *See id.* ¶¶ 22–40. For example, Ousterhout alleges that, during a

conference in 2011, Zukowski presented slides purporting to show botched surgeries by Ousterhout that Zukowski had had to fix. *See id.* ¶¶ 30–35.

In turn, Zukowski filed a counterclaim for defamation similarly alleging that Ousterhout and Mira Coluccio, an employee of Ousterhout, disparaged Zukowski's abilities and recommended that potential patients stay away from Zukowski. *See* 5th Am. Countercl. ¶¶ 23–40, ECF No. 294.

## Legal Standard

"The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo." *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594–95 (7th Cir. 2006) (citing Fed. R. Civ. P. 72).

## Analysis

### I. Medical Records and the Illinois' Physician-Patient Privilege

One of the ongoing discovery disputes in this case revolves around the medical records of four of Zukowski's patients. The magistrate judge ordered Zukowski to produce either the medical record or an appropriate privilege log for the records of all four patients.[1] *See* Mag. Judge Order 7/14/15 at 2–3, ECF No. 300. Zukowski opted for the latter and submitted a privilege log asserting that all the medical records were protected under Illinois' Physician-Patient Privilege, 735 Ill. Comp. Stat. 5/8-802. Ousterhout, not satisfied with the level of detail and claim of

---

[1] Three of the patients were the subjects of the slides that Zukowski used at the conference at issue in the complaint and counterclaim. The fourth also alleges that Zukowski had to correct mistakes made by Ousterhout, and serves to contextualize the parties' relationship.

privilege, filed a motion to compel. *See* Pl.'s Mot. Compel at 7–14, ECF No. 313. The magistrate judge agreed that the privilege log was not sufficiently detailed, but instead of having Zukowski redo it—and in the interest of moving along the discovery process—he ordered Zukowski to submit the documents for *in camera* review. *See* Mag. Judge Order 11/18/15 at 2–3, ECF No. 330.

After reviewing the medical records of all four patients, the magistrate judge held that the records were protected by the physician-patient privilege and that none of the patients had consented to their disclosure. *See* Mag. Judge Order 12/16/15 at 3, ECF No. 339. Now before the Court is Ousterhout's objection to the magistrate judge's ruling. *See* Pl.'s Obj., ECF No. 347.

### A. Privilege

Ousterhout first objects to the magistrate judge's finding that all the underlying documents were privileged. In particular, Ousterhout complains that the log's reference to documents about "required costs" and "payment options" cannot be necessary to enable the physician to professionally serve the patient, as required by the privilege statute. *See* 735 Ill. Comp. Stat. 5/8-802.

The magistrate judge did not clearly err in this regard. In his order, Magistrate Judge Mason specifically stated that there are some documents that do not contain information on medical treatment, but those documents are not relevant. That conclusion is in accord with this Court's finding that the medical records could be relevant to the extent they "reveal whether the patient sought the same surgery as a corrective measure" to the prior surgery. *See* Order 1/20/15 at 7–8, ECF No. 250. Thus, although documents about the payment options are not

privileged, Ousterhout has not shown how they are relevant to the claims in this case, and the magistrate judge did not clearly err.[2]

**B.     Consent**

Illinois' physician-patient privilege statute contains ten exceptions to the prohibition on disclosure. The only statutory exception relevant here is the third exception, which allows disclosure when the patient has expressly consented. *See* 735 Ill. Comp. Stat. 5/8-802(3).

As an initial matter, there is some confusion in the case law as to the role that waiver plays, if any, in the analysis of the physician-patient privilege. Illinois courts dealing with the privilege have used the word "waiver" in deciding whether disclosure was appropriate. The question raised in Ousterhout's objection is whether waiver is an eleventh unenumerated exception to the privilege or merely shorthand used to describe one or more of the exceptions listed in the statutes. After reviewing Illinois cases interpreting the privilege, this Court concludes that waiver is not a free-standing exception. Take, for example, *Kunz v. South Suburban Hospital*, 761 N.E.2d 1243, 1247–48 (Ill. App. Ct. 2001). In *Kunz*, the court discusses two exceptions and for each asks whether the plaintiff waived the privilege. *See id.* at 1248–49 ("[F]iling a medical malpractice lawsuit on behalf of a

---

[2] Ousterhout also argues that non-privileged documents containing contact information for the witnesses are relevant because they will allow Ousterhout to contact the witnesses regarding discovery. *See* Pl.'s Obj. at 4 n.2. Yet Ousterhout already has contact information for all witnesses. Attached to the objection are Zukowski's discovery disclosures, which include addresses and phone numbers for the identified witnesses. Ousterhout has not provided any reason as to why he needs to obtain this information from the medical files.

4

child . . . does not thereby *waive* the phyisician-patient privilege in favor of the child's siblings." (emphasis added)); *see id.* at 1249 ("Defendants next argue that Sharon expressly *waived* the privilege shielding her earlier pregnancies and the medical records of Kurt's siblings when she testified in her deposition . . . ." (emphasis added)). Despite the use of the word "waiver," the *Kunz* court merely analyzed whether the plaintiff's actions fit under the second statutory exception (malpractice lawsuits) or the third statutory exception (express consent).

Admittedly, at least one Illinois appellate court has described waiver as a free-standing exception separate from the ones listed in the statute. *See Reagan v. Searcy*, 751 N.E.2d 606, 608 (Ill. App. Ct. 2001) ("The statute lists several exceptions that allow the disclosure of the information, despite the existence of the privilege. 735 ILCS 5/8-802(1) through (10) (West 1994). In addition, a patient may lose the privilege by waiving it."). In a subsequent case, however, the Illinois Supreme Court made clear that the courts are limited to the ten listed exceptions "and cannot create additional exceptions to the privilege." *People ex rel. Dep't of Prof'l Regulation v. Manos*, 782 N.E.2d 237, 246 (Ill. 2002). Given this admonition, the Court does not believe that waiver is a separate exception to the physician-patient privilege.

Turning to the facts of this case, Ousterhout contends that the patients at issue here did in fact expressly consent to the disclosure of the medical records. As a basis for finding that the patients consented, Ousterhout presented three sets of communications. First, three of the patients submitted affidavits explaining that

they were former patients of Ousterhout, who went to Zukowski for corrective surgeries. Next, Ousterhout presented a testimonial from Ms. Sorø, one of the four patients at issue, in which she describes her experiences with surgeries by both doctors. Lastly, there are two letters from Ms. Rose, another one of the four patients, to the doctors. The magistrate judge determined that none of the three communications constitute express consent to disclose the records, a finding the Court reviews for clear error.

Starting with the first communication (the affidavits) the Court is not convinced that the magistrate judge erred in its conclusion that the patients were not consenting to the disclosure of all their medical records. Each affidavit explains that the patients were originally operated on by Ousterhout and, following complications from that surgery, had "revision[s]" done by Zukowski. *See* Pl.'s Obj., Exs. C–E. The affidavits present a close question as to whether there is consent to disclose the records. The patients clearly reference the symptoms they felt after Ousterhout's surgeries as well as the surgeries performed by Zukowski. At the same time, however, while they are putting their medical treatment at issue, there is no clear language allowing for the disclosure of the underlying records.[3] Under the privilege analysis, and given the deference owed to the magistrate judge's finding, the Court cannot say that Magistrate Judge Mason's conclusion was clearly erroneous.

---

[3] If the patients were plaintiffs or defendants in this action, then the records could be disclosed under the fourth statutory exception, which allows disclosure "in all actions brought by or against the patient . . . wherein the patient's physical or mental condition is an issue." 735 Ill. Comp. Stat. 5/8-802(4).

Likewise, Ms. Sorø's testimonial is also not sufficient to find express consent. The testimonial, which she allowed Zukowski to put on his website, goes into more detail than the affidavit about the surgeries by Ousterhout and the subsequent revisions done by Zukowski. Ms. Sorø is identified only by her first name. Once again, the Court does not believe that the magistrate judge erred in finding that the testimonial did not constitute an express waiver to disclose her medical records. Although the testimonial contains some details about her surgery, there is no language indicating an express consent to the disclosure.

Lastly, Ousterhout argues that Ms. Rose, another patient of both doctors, gave express consent to have her records disclosed. In two separate letters, Ms. Rose (1) gave Ousterhout permission to use records of the surgeries he performed and (2) asked Zukowski to send the records he had to Ousterhout. *See* Pl.'s Obj., Exs. G–H. The first letter is clearly express consent to disclose any medical records of Ousterhout's surgeries, which are not at issue in this case. The second letter, as the magistrate judge correctly pointed out, consents to the disclosure of Zukowski's records, but only to Ousterhout.[4] Moreover, Ms. Rose did not expressly consent to disclosure in an email in which she expresses her frustration at being at the center of the Ousterhout-Zukowski feud. The email states only that she gave Ousterhout permission to talk about her case. *See* Pl.'s Obj., Ex. I.

---

[4] Ousterhout's argument that Magistrate Judge Mason ignored the 2005 letters is disingenuous at best. In the order, the magistrate judge talked about the second letter and noted that "[r]equesting medical records to be sent from one physician to another does not mean that the patient consents to the disclosure of her entire medical records for the purposes of court proceedings." *See* Mag. Judge Order 12/16/15 at 5.

7

Because the Court concludes the magistrate judge did not clearly err in finding no express consent, Ousterhout's objections are overruled.

C.     **Admissibility of Affidavits and Other Patient Statements**

The magistrate judge's order indicated that the finding of privilege meant that Zukowski had forfeited the use of the privileged records at trial. *See* Mag. Judge Order 12/16/15 at 7. Ousterhout sought clarification of the order and inquired whether Zukowski was also barred from relying on the patient's affidavits and testimonials. The magistrate judge explained that issues regarding the admissibility of the affidavits were reserved for the district court.

The Court will now take this opportunity to address that question. As explained above, the magistrate judge did not err in concluding that the medical records were privileged and that there was no express consent to disclose by any of the patients. With that said, there is an asymmetry in Zukowski's apparent attempt to use the patient's descriptions of the surgeries and side effects while, at the same time, using privilege to shield evidence capable of verifying those descriptions.[5] Under Federal Rule of Evidence 403, the Court has the discretion to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Presumably Zukowski will try to show that his statements about

---

[5] In the affidavits, Ousterhout's former patients are essentially complaining that the treatment they received from Ousterhout was substandard. *See* Pl.'s Obj., Exs. C–E. So although these patients are not parties to this litigation—and thus are not subject to the privilege exception for plaintiffs and defendants—they are supporting Zukowski by providing the affidavits. The position the patients occupy in this litigation makes the asymmetry of allowing the affidavits, but blocking the discovery into their medical records, particularly stark.

8

Ousterhout were true by using the affidavits and other statements as evidence, making that evidence probative to Zukowski's truth defense to the defamation claim. On the other hand, allowing use of the affidavits lets Zukowski choose what to disclose, while shielding everything else behind the wall of privilege. Moreover, it deprives Ousterhout of the ability to verify the statements made in the affidavits. Accordingly, based upon the record before it, the Court concludes that the probative value of the affidavits and testimonial statements are substantially outweighed by the unfair prejudice their admission would have upon Ousterhout at trial. If Zukowski wishes to rely on this type of evidence at trial, he should obtain the consent of his patients to disclose their medical records in this case.

**II.    Disclosure of Individuals Referenced in Counterclaim as Patients**

In an issue that has been percolating in some form for years, Zukowski now objects to Magistrate Judge Martin's order once again requiring that Zukowski identify which individuals referenced in the counterclaim are in fact patients. *See* Def.'s Obj. to 11/18/15 Order, ECF No. 335; Mag. Judge 11/18/15 Order, ECF No. 330. The Court will not delve into the merits of Zukowski's objection, however, because it comes too late. Although the Magistrate Judge's November 18th order instructed Zukowski to identify which individuals were patients, it was not the first time the magistrate judge did so. On two other occasions, Magistrate Judge Mason had already ordered Zukowski to disclose the information at issue. *See* Mag. Judge 7/14/15 Order at 3, ECF No. 300; Mag. Judge 8/28/15 Order at 3, ECF No. 306. Zukowski did not file an objection to either of those orders and, instead, decided to disregard the rulings. Ousterhout was thus forced to file another motion to compel,

9

and the magistrate judge (again) ordered the disclosure in its November 18th order. Zukowski's failure to object to the magistrate judge's prior two orders means he has waived his right to appeal the issue to this Court. *See Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir. 1998).

Zukowski attempts to manufacture a reversible error by arguing that the November 18th order relied on rulings that addressed older versions of the counterclaim. *See* Def.'s Obj. to 11/18/15 Order at 7. But, while the magistrate judge cited the reasoning from the earlier rulings, it is clear from the July 14 and August 28 orders that the magistrate judge was using the most recent version of the counterclaim. Accordingly, the Court overrules Zukowski's objection as to this issue.

### III. Magistrate Judge's Report & Recommendation

Lastly, Magistrate Judge Mason issued a Report & Recommendation addressing Ousterhout's motion to compel filed January 26, 2016. *See* R. & R., ECF No. 382. Neither side filed an objection within the time prescribed by Federal Rule of Civil Procedure 72(b). Accordingly, the court reviews the Report and Recommendation for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report and Recommendation is affirmed in its entirety. In particular, the Court adopts the following portion of the Report:

> Ousterhout and Coluccio's motion is granted in part and denied in part. Within 30 days after entry of this order: the parties are directed to provide each other with ESI search terms and protocols and an affirmation that responsive documents have been produced; Zukowski is directed to identify complete email chains (or an affidavit explaining why it cannot be done); the Ousterhout Parties may issue 10 interrogatories, including subparts, regarding Zukowski's "hacked"

10

email account; and Zukowski is directed to review his records and provide an affidavit indicating that all documents pertaining to Diane Ellaborn and Dr. Joel Beck have been produced. The Ousterhout Parties' motion pertaining to production of documents relating to "witnesses and potential witnesses" is denied. Further, to the extent that the Ousterhout Parties seek fees and costs, that request is denied. In addition, the Ousterhout Parties' motion for sanctions is denied. Finally, based on the number of discovery motions filed in this case, the parties have demonstrated an unwillingness to work together to resolve discovery disputes. The parties are admonished that further discovery motion practice will be viewed with disfavor and may result in sanctions, including fees and costs.

## **Conclusion**

For the reasons stated herein, the Court overrules Ousterhout's objection [347] and Zukowski's objection [335] and adopts the Report and Recommendation [382] in full.

**IT IS SO ORDERED.**        ENTERED   7/6/16

*/s/ John Z. Lee*

_____
**John Z. Lee**
**United States District Judge**